IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROYCE WADE LANDER, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | 2:22-CV-0046-Z-BR |
| | § | (2:18-CR-0075-Z) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DENY
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Before the court is the motion of Royce Wade Lander, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. For the reasons that follow, the motion should be DENIED.

**I.    UNDERLYING FACTS AND PROCEEDINGS**

The record in the underlying criminal case reflects the following:

On December 20, 2018, Movant was named in a two-count superseding indictment charging him in count one with transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a), and in count two with kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and 1201(g)(1). (ECF[1] 21). The Court granted the government's motion for partial dismissal and dismissed count two of the superseding indictment. (ECF 36). Count one was tried to a jury, which returned a verdict of guilty. (ECF 50). Movant was sentenced to a term of imprisonment of 292 months. (ECF 59). He appealed (ECF 61), and the judgment was affirmed.

---

[1] The "ECF" reference is to the number of the item on the docket in the underlying criminal case, No. 2:18-CR-075-Z.

1

*United States v. Lander*, 825 F. App'x 235 (5th Cir. 2020); (ECF 83). Movant did not file a petition for writ of certiorari.

Movant timely filed his motion under § 2255. He asserts four grounds in support of the motion, all alleging that he received ineffective assistance of counsel. He says that counsel was ineffective for (1) failing to present a plea offer made by the government to him, (2) failing to impeach the alleged victim with prior inconsistent statements, (3) calling Movant's wife to testify, and (4) failing to object to the prosecutor's improper remarks during closing argument. (CV ECF[2] 1).

## II.   APPLICABLE STANDARDS OF REVIEW

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and he may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974);

---

[2] The "CV ECF" reference is to the number of the item on the docket in this civil action.

*United States v. Placente,* 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

    B. **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### III.   ANALYSIS

On November 15, 2022, the undersigned conducted a hearing on Movant's motion. (CV ECF 18). Movant appeared in person and through counsel. At that time, he admitted under oath that he would not have accepted any plea offer because he was innocent (*id.* at 25–26, 28), thus admitting that he could not prevail on his first ground.

The allegation that counsel failed to impeach the victim with prior inconsistent statements is belied by the record. Counsel questioned the victim about her "brain fog," eliciting responses reflecting that she had often been in a brain fog, including during her trial testimony and when she spoke to officers regarding the incident. (ECF 74 at 171–72). Counsel also asked the victim's physician about "brain fog." (*Id.* at 239–40). And, he attempted to impeach the victim about her reason for running away from home, but was unable to elicit testimony regarding her fear that she was pregnant because the Court had granted the government's motion in limine precluding discussion of the victim's prior sexual behavior.[3] (*Id.* at 172–73; 217–19; ECF 72 at 20–23). At closing, counsel argued that the victim did not have "brain fog," noting her testimony and written statement and the testimony of her doctor that he had never noted any issue with "brain fog," urging the jury not to believe her. (*Id.* at 400). He pointed out the victim's multiple inconsistent statements. (*Id.* at 390). That the jury convicted Movant does not mean that he received ineffective assistance of counsel. As the appellate court noted, there was strong and ample evidence of Movant's guilt. 825 F. App'x at 237.

In his third ground, Movant alleges that his trial counsel was ineffective in calling his wife, rather than another family member such as his mother, to testify at trial. (CV ECF 1 at 7). The Court first notes that complaints about uncalled witnesses are not favored, because presentation of

---

[3] That the Court ruled against Movant does not mean that his counsel was ineffective.

4

testimonial evidence is a matter of trial strategy and because allegations of what a witness would have said are largely speculative. *Day v. Quarterman*, 566 F.3d 527, 528 (5th Cir. 2009). To prevail, Movant was required to name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). He has not presented any such evidence here. Even had he done so, he could not prevail on this ground. At the November 22, 2022 hearing, trial counsel explained his reasons for calling Movant's wife rather than his mother to testify. (CV ECF 18 at 36–37, 48). In particular, Movant's wife was more articulate and could personalize Movant in a way that his mother could not. His wife was not outraged about the allegation that Movant had had sex with a teenaged hitchhiker; she did not believe the allegation. Movant's wife was the strongest witness in the case. Although the trial court allowed three photos depicting the feet of Movant's wife that she had sent to him to come into evidence, as the appellate court noted, Movant's foot fetish had been established by other evidence, including Movant's own admissions to police. *Lander*, 825 F. App'x at 236. Any error in admitting the photos into evidence was harmless. *Id.* Movant has not shown, and cannot show, that absent the decision to call his wife to testify, the result of the proceedings would have been different.

In his fourth ground, Movant alleges that his counsel was ineffective in failing to timely object to improper remarks of the prosecutor during closing argument referencing the kidnapping of Elizabeth Smart. (CV ECF 1 at 8). He can only speculate that he was harmed as a result. It seems just as likely that, had an objection been made, a curative instruction would have been given and that would have been the end of the matter. *See United States v. Murra*, 879 F.3d 669, 685 (5th Cir. 2018) (an immediate curative instruction cures any alleged harm from a prosecutor's improper remarks). In any event, as the appellate court noted, the prosecutor's comments were not

5

so pronounced and persistent as to permeate the entire atmosphere of the trial. 825 F. App'x at 237. Moreover, the trial judge instructed the jurors both before and after closing arguments that what the attorneys said was not evidence. (*Id.*; ECF 74 at 368–69, 409). As trial counsel explained, an objection might have given more credence to the argument. (CV ECF 18 at 51). The jurors may have been like Movant and not have known about Elizabeth Smart. (*Id.* at 25).

At the November 22 hearing, trial counsel explained his strategy with regard to each of the issues raised by Movant. Counsel's testimony was credible; Movant's testimony was not credible. In sum, Movant has not overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Nor has he shown a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 687.

## IV. RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion filed by Royce Wade Lander be DENIED.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 23, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).